UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PRATS, ET AL. | CIVIL ACTION |
| VERSUS | NO: 11-1765 |
| GRACO CHILDREN'S PRODUCTS, INC. | SECTION: "J" (3) |

**ORDER**

Before the Court is Defendant's **Motion to Exclude the Testimony of Plaintiffs' Expert Bruce Pinkston (Rec. Doc. 40)** and Plaintiffs' opposition to same **(Rec. Doc. 42)**. Having reviewed the motion and memoranda of counsel, the record, and the applicable law, the Court finds that Defendant's motion should be **DENIED**.

When determining the admissibility of evidence, the Court should not allow its "gatekeeper" role to supersede the traditional adversary system, or the jury's place within that system. Scordill v. Louisville Ladder Grp., L.L.C., No. 02–2565, 2003 WL 22427981, at *3 (E.D. La. Oct. 24, 2003). As the United States Supreme Court noted in Daubert v. Merrill Dow Pharmaceuticals, Inc.,509 U.S. 579, (1993), "vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." Id. at 596. As a general rule, questions relating to the basis and sources of an expert's opinion rather than its admissibility should be left for the jury's consideration. United States v. 14.38 Acres of Land, More or Less Situated in Leflore

Cnty., Miss., 80 F.3d 1074, 1077 (5th Cir.1996) (citing Viterbo v. Dow Chem. Co., 826 F.2d 420, 422 (5th Cir.1987)).

In the instant matter, the Court finds that Defendant's challenges bear more on the weight and credibility of Bruce Pinkston's testimony than its admissibility. Therefore, Defendant's challenges are more suited for jury determination than judicial determination. Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion is **DENIED**.

New Orleans, Louisiana this 5th day of October, 2012.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

2