UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

PRATS, ET AL.                                    CIVIL ACTION

VERSUS                                           NO: 11-1765

GRACO CHILDREN'S PRODUCTS,
INC.                                             SECTION: "J" (3)


**ORDER**

Before the Court are Defendant's **Motion in Limine to Exclude Evidence of Unrelated Stroller Incidents (Rec. Doc. 54)**, **Motion in Limine to Exclude Evidence of a Recall (Rec. Doc. 55)** and Plaintiffs' reply to both **(Rec. Doc. 66)**. Having reviewed the motions and memoranda of counsel, the record, and the applicable law, the Court finds that Defendant's Motion to Exclude Evidence of Unrelated Stroller Incidents (Rec. Doc. 54) should be **GRANTED** in part and **DENIED** in part. Likewise, Defendant's Motion to Exclude Evidence of a Recall (Rec. Doc. 55) should be **DENIED**.

Where evidence of prior accidents is relevant, it may be admitted. Ramos v. Liberty Mut. Ins. Co., 615 F.2d 334, 338-39 (1980). "Evidence of prior similar accidents is generally admissible to prove the defendant's knowledge of the dangerous situation, 'magnitude of the danger involved, the defendant's ability to correct a known defect, the lack of safety for intended uses, strength of a product, the standard of care, and causation.'" Jordan v. Gen. Motors Corp., 624 F. Supp. 72, 77-78 (E.D. La. 1985) (quoting Ramos, 615 F.2d at 338-39 (1980)). "Because the evidence

of similar accidents 'draws its relevance from the principle that similar causes can be expected to produce similar effects, admissibility ... hinges upon demonstration that conditions had been substantially similar on all occasions.'" <u>Jordan</u>, 624 F. Supp. at 77-78 (quoting <u>Tug Ocean Prince, Inc. v. United States</u>, 436 F. Supp. 907 (S.D.N.Y. 1977)). The "evidence must show that the facts and circumstances of the other accidents or occurrences are "closely similar" to the facts and circumstances at issue." <u>Johnson v. Ford Motor Co.</u>, 988 F.2d 573, 580 (5th Cir. 1993) (citing <u>McGonigal v. Gearhart Industries, Inc.</u>, 851 F.2d 774, 778 (5th Cir.1988)). In general, when determining if a prior accident is "substantially similar" the "predicate for the proof of similar accidents is defined . . . by the defect . . . or . . . the product [] at issue." <u>Jackson v. Firestone Tire & Rubber Co.</u>, 788 F.2d 1070, 1083 (5th Cir. 1986).

In the instant matter, the Metrolite stroller and the Quattro Tour stroller contain the same alleged defect — a tray to seat height under 5.5 inches. Likewise, this alleged defect results in the same risk — entrapment and strangulation. This defect and risk are the precise defect and risk that are issue in this case. As such, the Court finds that prior accidents involving either the Metrolite or the Quattro Tour stroller are "substantially similar" and, therefore, admissible. However, because no tray to seat height information is available for prior accidents involving unidentified

strollers, the Court cannot find that such accidents are substantially similar to the instant case. Therefore, all evidence regarding prior accidents in unidentified strollers is excluded.

With regard to the recall campaign, the admissibility of a recall campaign that takes place before an accident occurs is governed by Federal Rule of Evidence 403. <u>Giglio v. Saab-Scania of America, Inc.</u>,1992 WL 329557, * 4 (E.D. La. 1992). Rule 403 states that a court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Courts should use this rule "cautiously and sparingly." <u>Giglio</u>, 1992 WL 329577 at *4 (quoting <u>United States v. Theves</u>, 665 F.2d 616, 633 (5th Cir. 1982)).

The October 20, 2010 recall campaign was issued "due to the risk of entrapment and strangulation." Plaintiffs' Objected to Exhibit 126, p. 1. The recall states that the risk posed is directly related to the height of the stroller tray with respect to the seat. <u>Id.</u> This is the precise risk and defect alleged in this case. Thus, the Court finds that evidence of the October 20, 2010 recall is probative of whether the stroller had a defect at the time the accident occurred. Accordingly,

**IT IS HEREBY ORDERED** that the Defendant's Motion in Limine to Exclude Evidence of Unrelated Stroller Incidents (Rec. Doc. 54) is

**GRANTED** in part and **DENIED** in part as outlined above.

**IT IS FURTHER ORDERED** that the Defendant's Motion in Limine to Exclude Evidence of Recall (Rec. Doc. 55) is **DENIED.**

New Orleans, Louisiana this 11th day of October, 2012.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE